1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

| ROBIN J. TUCKER, individually, and on behalf of all others similarly situated. | **Case No.  C 04-1841 SBA** |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| vs. | **REVISED ORDER RE:  FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT THEREON** |
| CASUAL MALE RETAIL GROUP, INC., and DOES 1 through 100, inclusive, | Date:    February 7, 2006 |
| Defendants. | Time:    1:00 p.m. |
| | Judge:   Hon. Saundra B. Armstrong |

17         This Court preliminarily approved the parties' Stipulation of Class Action Settlement

18   ("Stipulation") in its Order dated November 1, 2005.  ("Preliminary Approval Order").   In

19   accordance with the Order, Class members have been given notice of the terms of the

20   Stipulation and an opportunity to object to it or comment on it.   Having reviewed and

21   considered the proposed Stipulation, the papers filed by the parties supporting the Settlement

22   and the papers submitted in support of the Preliminary Approval Order and the Motion for

23   Final Approval, the Court hereby grants final approval of the Settlement.

24         Further, in its Order dated November 1, 2005, the Court granted Casual Male Retail

25   Group, Inc.'s request for declaratory judgment regarding its Incentive Compensation Plan for

26   Store Managers, ruling that, under the Plan, Casual Male's Store Managers are exempt from

27   the FLSA's and California's overtime requirements pursuant to the Retail-Service exemption.

28

The declaratory judgment is incorporated by reference into this Final Approval Order.

## FACTUAL BACKGROUND

Representative Plaintiff Robin J. Tucker ("Representative Plaintiff") has alleged in the above-captioned action that Defendant Casual Male improperly classified FLSA Class Members as overtime exempt and failed to pay overtime as required by the Fair Labor Standards Act and improperly classified California Class Members as overtime exempt and failed to pay overtime, failed to provide meal and rest breaks, and failed to keep accurate wage records in violation of the California Labor Code, the California Wage Orders and the California Business and Professions Code.  Casual Male denies these claims and in no way admits or concedes that it has, in any manner, violated any of the foregoing laws.

Plaintiff Robin J. Tucker has moved this Court for final approval of the Stipulation of Class Action Settlement.  This Court, having fully received and considered Plaintiff's Notice of Motion, Motion, Memorandum of Points and Authorities, Declarations in support of the motion, the Stipulation of Settlement, and the briefing preceding the Preliminary Approval Order, **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

## FINAL APPROVAL OF NOTICE PROGRAM

On November 15, 2005, the form of Notice approved by the Court was mailed to Class members via first class mail pursuant to the Court's Preliminary Approval Order.  The Notice informed Class members of the terms of the Settlement, their opportunity to file claims, to opt out of the Settlement, to file written objections, and/or to appear in person or by counsel at the Fairness Hearing. Adequate periods of time were provided for each of these procedures.

The Court finds that these procedures afforded protections to Class members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class members.  The Court finds that the Notice provided in this case was the best notice practicable, and satisfied the requirements of the Federal Rules of Civil Procedure and constitutional Due Process.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT

The Court has reviewed the Stipulation of Class Action Settlement and finds that the Settlement amount is fair, reasonable and adequate, particularly when balanced against the probable outcome of further litigation relating to liability and damages issues.  The Court further finds that extensive and costly investigation and research have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions.  The Court also finds that Settlement at this time will avoid additional substantial costs which have already been incurred by both parties, as well as avoid the delay and risks that would be presented by the further prosecution of the litigation.  Moreover, the Court finds that the Settlement has been reached as the result of intensive, serious and non-collusive arms-length negotiations.

Accordingly, the Court finally approves the Stipulation of Class Action Settlement between Plaintiff and Defendant as fair, reasonable and adequate and directs the parties and Claims Administrator to further cooperate to implement the terms of the Settlement Agreement.

## DECLARATORY JUDGMENT

Pursuant to the Declaratory Judgment Act, and based upon the Stipulation of Class Action Settlement ("Stipulation") filed by the parties and the Court's independent review of Casual Male's Managers' Incentive Compensation Plan (as referenced in Section XI of the Stipulation and attached as Exhibit 5 to the Stipulation), on November 1, 2005, the Court ORDERED, ADJUDGED, DECREED AND DECLARED THAT:

Under Casual Male's Store Manager Incentive Compensation Plan, Casual Male Store Managers are exempt from the FLSA's and California's overtime requirements pursuant to the Retail-Service exemption.  29 U.S.C. § 207(i); IWC Wage Order No. 7-80, § 3(C).

## DISMISSAL AND RELEASE

In accordance with the terms of the Stipulation of Class Action Settlement, this action shall be dismissed on the merits and with prejudice. The Stipulation provides that:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Each SETTLEMENT CLASS MEMBER (of the California Class and the FLSA Class) shall be deemed to have released CM and its parent entities, subsidiaries, affiliates, and joint ventures, and each of their respective present and former officers, directors, controlling stockholders, agents, employees, insurers, co-insurers, reinsurers, attorneys, accountants, auditors, advisors, representatives, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, predecessors, successors, and assigns from all other causes, claims, actions, suits or demands, whether under law or in equity, under each and every COVERED CLAIM that was asserted or that could have been asserted in the Amended Complaint relating to the SETTLEMENT CLASS MEMBERS' exempt classification. These released Claims specifically include any and all Claims, actions or causes of action for overtime wages and meal and rest periods and penalties or damages related thereto under state and federal law, including the California Labor Code and the Fair Labor Standards Act, record keeping violations and violations for filing to provide semi-monthly itemized statements under state and federal law, waiting time penalties pursuant to California Labor Code section 203 and federal law, unfair business practices pursuant to California Business and Professions Code section 17200, *et seq.*, statutory or common law rights to attorney's fees and costs, including those pursuant to the Fair Labor Standards Act and California Labor Code section 1194, *et seq.*, violation or breach of any other state or federal statute, rule and/or regulation, and similar causes of action, including but not limited to any claim for punitive and/or exemplary damages, based on, arising from, or relating to overtime wages, meal periods and/or rest breaks as CM employees during or before the claim period.

16
17
18
19
20
21
22
23
24
25
26

Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over parties to the Stipulation of Class Action Settlement, including Casual Male and Class Members, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties. The Court also retains jurisdiction over Class Counsel's request for attorneys' fees and costs and the Class Representative's enhancement award. The parties agree that a United States District Court Magistrate Judge will be empowered to resolve any disputes which may arise between the parties pertaining to this Settlement. **The Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment. The Court further directs the clerk to enter dismissal of this action ten days following entry of this Order and Judgment.**

*///*

27
28

1

2

## AWARD OF ATTORNEYS' FEES AND COSTS, ENHANCEMENT AWARD AND CLAIMS ADMINISTRATION FEES

3

4

5

6

7

8

Good cause appearing, the Court hereby awards attorneys' fees of $287,500, plus costs in the amount of $14,101.01 to Class Counsel.  The Court also approves and awards an enhancement payment of $10,000 to the Class Representative and costs of administration of $35,469 to Rust Consulting, Inc.  Such awards shall be paid from the $1,000,000 Settlement fund created on behalf of the California Class and shall be paid in accordance with the terms of the Stipulation of Settlement.

9

**IT IS SO ORDERED**, this 8th day of March, 2006.

10

11

12

_Saundra B. Armstrong_
Honorable Saundra B. Armstrong
UNITED STATES DISTRICT JUDGE

13

14

80832371.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28